UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------x

DAMIEN CRISP,

              Plaintiff,

        -against-

THE CITY OF NEW YORK, New York City Police
Department CHIEF JOSEPH ESPOSITO, New York City
Police Department INSPECTOR ANTHONY BOLOGNA
and OFFICER JOHN DOE 1 through OFFICER JOHN
DOE 43 (the names John Doe being fictitious, as the true
names and shield numbers are presently unknown) in their
individual and official capacities,

              Defendants.

**ANSWER**

**Docket No. 12 CV 5842**

-----------------------------------------------------------------------------x

        Defendant, DEPUTY INSPECTOR ANTHONY BOLOGNA (s/h/a Inspector Anthony

Bologna) (hereinafter referred to as "Defendant Bologna") by his attorneys, La Pietra & Krieger,

P.C., answering the Summons and Complaint in the above entitled action, states upon

information and belief:

**<u>ANSWER</u>**

    1.     Denies having knowledge or information sufficient to form a belief as to the

allegations set forth in paragraph "1" of the complaint.

    2.     Denies the allegations set forth in paragraph "2" of the complaint.

    3.     Denies the allegations set forth in paragraph "3" of the complaint.

    4.     Denies the allegations set forth in paragraph "4" of the complaint.

    5.     Denies having knowledge or information sufficient to form a belief as to the

allegations set forth in paragraph "5" of the complaint.

6.      Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "6" of the complaint.

7.      Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "7" of the complaint.

8.      Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "8" of the complaint.

9.      Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "9" of the complaint.

10.     Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "10" of the complaint.

11.     Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "11" of the complaint.

12.     Admits the allegations set forth in paragraph "12" of the complaint.

13.     Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "13" of the complaint.

14.     Admits the allegations set forth in paragraph "14" of the complaint.

15.     Denies the allegations set forth in paragraph "15" of the complaint, except admits that answering Defendant Bologna was, at all relevant times herein, in the course of his employment as a NYPD officer.

16.     Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "16" of the complaint.

17.     Denies the allegations set forth in paragraph "17" of the complaint.

18.     Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "18" of the complaint.

19.     Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "19" of the complaint.

20.     Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "20" of the complaint.

21.     Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "21" of the complaint.

22.     Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "22" of the complaint.

23.     Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "23" of the complaint.

24.     Denies the allegations set forth in paragraph "24" of the complaint.

25.     Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "25" of the complaint.

26.     Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "26" of the complaint.

27.     Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "27" of the complaint.

28.     Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "28" of the complaint.

29.     Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "29" of the complaint.

30.     Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "30" of the complaint.

31.     Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "31" of the complaint.

32.     Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "32" of the complaint.

33.     Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "33" of the complaint.

34.     Denies the allegations set forth in paragraph "34" of the complaint.

35.     Denies the allegations set forth in paragraph "35" of the complaint.

36.     Denies the allegations set forth in paragraph "36" of the complaint.

37.     Denies the allegations set forth in paragraph "37" of the complaint.

38.     Denies the allegations set forth in paragraph "38" of the complaint.

39.     Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "39" of the complaint.

40.     Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "40" of the complaint.

41.     Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "41" of the complaint.

42.     Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "42" of the complaint.

43.     Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "43" of the complaint.

44.     Denies the allegations set forth in paragraph "44" of the complaint.

45.     Denies the allegations set forth in paragraph "45" of the complaint.

46.     Denies the allegations set forth in paragraph "46" of the complaint.

47.     Denies the allegations set forth in paragraph "47" of the complaint.

48.     Denies the allegations set forth in paragraph "48" of the complaint.

49.     Denies the allegations set forth in paragraph "49" of the complaint.

50.     Denies the allegations set forth in paragraph "50" of the complaint.

51.     Denies the allegations set forth in paragraph "51" of the complaint.

52.     Denies the allegations set forth in paragraph "52" of the complaint.

53.     Denies the allegations set forth in paragraph "53" of the complaint, except admits that Defendant Bologna's actions were consistent with NYPD training and policy.

54.     Denies the allegations set forth in paragraph "54" of the complaint, except admits that Defendant Bologna's actions were consistent with NYPD training and policy.

55.     Denies the allegations set forth in paragraph "55" of the complaint, except admits that Defendant Bologna's actions were consistent with NYPD training and policy.

56.     Denies the allegations set forth in paragraph "56" of the complaint, except admits that Defendant Bologna's actions were consistent with NYPD training and policy.

57.     Denies the allegations set forth in paragraph "57" of the complaint, as well as all its subsections.

58.     Denies the allegations set forth in paragraph "58" of the complaint, as well as all its subsections.

59.     Denies the allegations set forth in paragraph "59" of the complaint, except admits that Defendant Bologna has been named in past law suits.

60.    Denies the allegations set forth in paragraph "60" of the complaint.

61.    Denies the allegations set forth in paragraph "61" of the complaint.

62.    Denies the allegations set forth in paragraph "62" of the complaint.

63.    Denies the allegations set forth in paragraph "63" of the complaint.

64.    Denies the allegations set forth in paragraph "64" of the complaint.

65.    Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "65" of the complaint.

66.    Admits the allegations set forth in paragraph "66" of the complaint.

67.    Denies the allegations set forth in paragraph "67" of the complaint.

68.    Denies the allegations set forth in paragraph "68" of the complaint, except admits that Defendant Bologna's actions were consistent with NYPD training and policy.

69.    Denies the allegations set forth in paragraph "69" of the complaint, except admits that Defendant Bologna's actions were consistent with NYPD training and policy.

70.    Denies the allegations set forth in paragraph "70" of the complaint.

71.    Denies the allegations set forth in paragraph "71" of the complaint.

72.    Denies the allegations set forth in paragraph "72" of the complaint.

73.    Admits the allegations set forth in paragraph "73" of the complaint.

74.    Denies the allegations set forth in paragraph "74" of the complaint.

75.    Denies the allegations set forth in paragraph "75" of the complaint.

76.    Denies the allegations set forth in paragraph "76" of the complaint.

77.    Denies the allegations set forth in paragraph "77" of the complaint.

78.    Denies the allegations set forth in paragraph "78" of the complaint.

79.    Denies the allegations set forth in paragraph "79" of the complaint.

80.    Denies the allegations set forth in paragraph "80" of the complaint.

81.    Denies the allegations set forth in paragraph "81" of the complaint.

82.    Denies the allegations set forth in paragraph "82" of the complaint.

83.    Denies the allegations set forth in paragraph "83" of the complaint.

84.    Denies the allegations set forth in paragraph "84" of the complaint.

85.    Denies the allegations set forth in paragraph "85" of the complaint.

86.    Denies the allegations set forth in paragraph "86" of the complaint.

87.    Denies the allegations set forth in paragraph "87" of the complaint.

88.    Denies the allegations set forth in paragraph "88" of the complaint, except admits that Defendant Bologna's actions were consistent with NYPD training and policy.

89.    Denies the allegations set forth in paragraph "89" of the complaint.

90.    Denies the allegations set forth in paragraph "90" of the complaint.

91.    Denies the allegations set forth in paragraph "91" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

92.    The complaint fails to state a claim against Defendant Bologna upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

93.    Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct, or that of third parties.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

94.    Plaintiff has failed to mitigate his alleged damages.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

95.    Defendant Bologna has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

96.    To the extent Plaintiff asserts state law claims, Plaintiff's claims may be barred, in whole or in part, by her failure to comply with all conditions precedent to suit.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

97.    At all times relevant to the acts alleged in the complaint, the duties and functions of Defendant Bologna entailed the reasonable exercise of proper and lawful discretion. Therefore, Defendant Bologna is entitled to governmental immunity from liability.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

98.    Plaintiff's claims may be barred, in part, by the applicable Statute of Limitations.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

99.    This action may be barred in whole or in part by the doctrines of *res judicata*.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

100.    Plaintiff provoked the incident.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

101.    Punitive damages cannot be assessed against the Defendant Bologna.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

102.    Any force used was reasonable, necessary and justified and/or *de minimus*.

## AS AND FOR A FIRST CROSS-CLAIM AGAINST DEFENDANT,
## CITY OF NEW YORK

103.    If the Plaintiffs were caused damages as alleged in the Plaintiffs' complaint, due to any culpable conduct other than Plaintiffs' own culpable conduct, then such damages were subsequently due to the culpable conduct, negligent acts of omission or commission of defendant, The City of New York.

## AS AND FOR A SECOND CROSS-CLAIM AGAINST DEFENDANT,
## CITY OF NEW YORK

104.    If it is determined that Defendant Deputy Inspector Bologna was acting under the color of law, then all of his acts were performed within the scope of his duties and within the scope of his employment as a New York City Police Officer, and any liability to Plaintiffs must be assumed by Defendant Deputy Inspector Bologna employer, the defendant, The City of New York, pursuant to the principle of *respondeat superior*.

## AS AND FOR A THIRD CROSS-CLAIM AGAINST DEFENDANT,
## CITY OF NEW YORK

105.    Pursuant to this principle of law, if the Plaintiffs recover any judgment against Chief Esposito and Officers John Doe 1 through John Doe 43 then said defendants are entitled to recover the amount of such judgment from defendant, The City of New York.

## AS AND FOR A FOURTH CROSS-CLAIM AGAINST DEFENDANT,
## CITY OF NEW YORK

106.    If it is determined that Defendant Deputy Inspector Bologna was acting under the color of law, then all of his actions were performed within the performance of his duties and within the scope of his employment as a New York City Police Officer, and any liability to the Plaintiffs must be assumed by defendant, The City of New York, pursuant to NYS General Municipal Law §50-K.

107.   Any damages sustained by the Plaintiffs at the time or place mentioned in the plaintiffs' complaint are embraced within the provisions of NYS General Municipal Law §50-K.

108.   Pursuant to this provision of NYS General Municipal Law §50-K, if the Plaintiffs recover any judgment against Defendant Deputy Inspector Bologna, then the answering defendants are entitled to recover the amount of such judgment from the defendant, The City of New York.

**WHEREFORE**, Defendant Deputy Inspector Bologna respectfully demands judgment against the Plaintiff as follows:

(a)   Dismissing the Plaintiff's complaint in its entirety;

(b)   Granting Defendant Deputy Inspector Bologna costs, disbursements, expenses of the action, reasonable attorneys fees, and such other and further relief as this Court deems just and proper.

Dated: White Plains, New York
        September 17, 2012

La Pietra & Krieger, P.C.
Attorneys for Defendant
    Anthony Bologna

By: _____
    Louis C. La Pietra (6978)
    30 Glenn Street, Suite 105
    White Plains, NY, 10603
    (914) 684-6000
    e-mail: louis.lapietra@verizon.net

TO:          Rankin & Taylor, P.C.
                Attorney(s) for Plaintiff
                David B. Rankin, Esq.
                350 Broadway, Suite 701
                New York, N.Y. 10013
                (p) (212) 226-4507

Docket No. 12 CIV 5482                                          Year: 2012

## United States District Court
## Southern District of New York

DAMIEN CRISP,

                                   Plaintiff,

          -against-

THE CITY OF NEW YORK, New York City Police Department CHIEF JOSEPH
ESPOSITO, New York City Police Department INSPECTOR ANTHONY BOLOGNA
and OFFICER JOHN DOE 1 through OFFICER JOHN DOE 43 (the names John Doe
being fictitious, as the true names and shield numbers are presently unknown) in their
individual and official capacities,

                                   Defendants.

## DEPUTY INSPECTOR ANTHONY BOLOGNA'S ANSWER TO
## PLAINTIFF'S COMPLAINT

### La Pietra & Krieger, P.C.
*Attorneys for Defendant DEPUTY INSPECTOR ANTHONY BOLOGNA*
*(s/h/a Inspector Anthony Bologna)*
30 Glenn Street
White Plains, NY 10603
(914) 684-6000

**PLEASE TAKE NOTICE**

[ ]        *that the within is a (certified) true copy of a*
NOTICE OF
ENTRY
[ ]        *that an Order of which the within is a true copy will be presented for settlement*
NOTICE OF    *to the*
SETTLEMENT

*Dated:*

                          **LA PIETRA & KRIEGER, P.C.**
               **Attorneys for Defendant Deputy  Inspector Anthony Bologna**
                       *(s/h/a Inspector Anthony Bologna)*
                                30 Glenn Street
                              White Plains, NY 10603

*To:.*