UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------x

DAMIEN CRISP,

                                      Plaintiff,

                     -against-

THE CITY OF NEW YORK, New York City Police Department
CHIEF JOSEPH J. ESPOSITO, New York City Police
Department INSPECTOR ANTHONY BOLOGNA, and
OFFICER JOHN DOE 1 through OFFICER JOHN DOE 42 (the
names John Doe being fictitious, as the true names and shield
numbers are presently unknown), in their individual and official
capacities,

                                    Defendants.

--------------------------------------------------------------------------------x

**ANSWER ON BEHALF OF
CITY OF NEW YORK AND
CHIEF JOSEPH J. ESPOSITO**

**12 CV 5842**

        Defendants CITY OF NEW YORK, and Joseph Esposito by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows: [1]

        1.   Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

        2.   Deny the allegations set forth in paragraph "2" of the complaint.

        3.   Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff seeks damages as stated therein.

        4.   Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff seeks injunctive relief as stated therein.

---

[1] Defendants City and Esposito state the quote from <u>Garcia v. Bloomberg</u> preceding the 1st paragraph of the complaint is inappropriate to include in this complaint, and further, the decision cited therein speaks for itself.

5.  Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the court as stated therein.

6.  Deny the allegations set forth in paragraph "6" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the court as stated therein.

7.  Deny the allegations set forth in paragraph "7" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the court as stated therein and admit a document purporting to be a notice of claim was received on or about October 11, 2011 by the Comptroller.

8.  Deny the allegations set forth in paragraph "8" of the complaint, except admit that the matter has not been settled or adjusted.

9.  Deny the allegations set forth in paragraph "9" of the complaint, except admit that plaintiff purports to lay venue as stated therein.

10. Paragraph "10" of the complaint sets forth conclusions of law rather than averments of fact and thus no response is required.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

12. Deny the allegations set forth in paragraph "10" of the complaint, except admit that the City of New York is a municipal entity authorized under the laws of the State of New York and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City and the New York City Police Department.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint, except admit that Joseph Esposito is employed by the New York City Police Department (NYPD) as Chief of the Department.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint, except admit that Anthony Bologna is employed by the New York City Police Department (NYPD), Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint as they pertain to unidentified defendants.

15. Deny the allegations set forth in paragraph "15" and further state that the allegations that the individual defendants "were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of NYPD" and "acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers agents and employees of the NYPD" are conclusions of law rather than averments of fact, to which no response is required.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint as they pertain to unidentified defendants.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint and further state that the allegations that the individual defendants "engaged in a joint venture" is a conclusion of law rather than averment of fact, to which no response is required.

19. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "19" of the complaint.

20. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "20" of the complaint.

21. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "21" of the complaint.

22. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "22" of the complaint.

23. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "23" of the complaint.

24. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "24" of the complaint, but admit certain NYPD officers were present in the vicinity of Union Square Park on September 24, 2011.

25. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "27" of the complaint.

28. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "28" of the complaint.

29. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "29" of the complaint.

30. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "30" of the complaint.

31. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "36" of the complaint.

37. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "37" of the complaint.

38. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "38" of the complaint.

39. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint, except admit that Plaintiff was not arrested on September 24, 2011.

41. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "41" of the complaint.

42. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "42" of the complaint.

43. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "43" of the complaint.

44. In response to the allegations set forth in paragraph "44" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

45. Deny the allegations set forth in paragraph "45" of the complaint, including all of its subparts.

46. Deny the  allegations set forth in paragraph "46" of the complaint.

47. In response to the allegations set forth in paragraph "47" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

48. Paragraph "48" of the complaint sets forth conclusions of law rather than averments of fact and thus no response is required.

49. Deny the  allegations set forth in paragraph "49" of the complaint.

50. Deny the  allegations set forth in paragraph "50" of the complaint.

51. Deny the  allegations set forth in paragraph "51" of the complaint.

52. In response to the allegations set forth in paragraph "52" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. Deny the allegations set forth in paragraph "57" of the complaint, including all of its subparts.

58. Deny the allegations set forth in paragraph "58" of the complaint, including all of its subparts.

59. Deny the allegations set forth in paragraph "59" of the complaint, including all of its subparts.

60. Deny the allegations set forth in paragraph "60" of the complaint, including all of its subparts.

61. Deny the allegations set forth in paragraph "61" of the complaint, including all of its subparts.

62. Deny the allegations set forth in paragraph "62" of the complaint.

63. Deny the allegations set forth in paragraph "63" of the complaint.

64. Deny the allegations set forth in paragraph "64" of the complaint.

65. Deny the allegations set forth in paragraph "65" of the complaint.

66. Deny the allegations set forth in paragraph "66" of the complaint.

67. Deny the allegations set forth in paragraph "67" of the complaint.

68. Deny the allegations set forth in paragraph "68" of the complaint.

69. Deny the allegations set forth in paragraph "69" of the complaint.

70. Deny the allegations set forth in paragraph "70" of the complaint.

71. Deny the allegations set forth in paragraph "71" of the complaint.

72. In response to the allegations set forth in paragraph "72" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

73. Deny the allegations set forth in paragraph "73" of the complaint, and further state that the allegations that the individual defendants were acting "during the course

and scope of his or her duties and functions as NYPD officers, and/or while he or she as acting as an agent and employee of defendant CITY, clothed with and/or invoking state power and/or authority… pursuant to the state common law doctrine of *respondeat superior*" are conclusions of law rather than averments of fact, to which no response is required.

74. Deny the allegations set forth in paragraph "74" of the complaint.

75. In response to the allegations set forth in paragraph "75" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

76. Deny the allegations set forth in paragraph "76" of the complaint, including all of its subparts.

77. Deny the allegations set forth in paragraph "77" of the complaint.

78. In response to the allegations set forth in paragraph "78" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

79. Deny the allegations set forth in paragraph "79" of the complaint.

80. Deny the allegations set forth in paragraph "80" of the complaint.

81. In response to the allegations set forth in paragraph "81" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

82. Deny the allegations set forth in paragraph "82" of the complaint.

83. Deny the allegations set forth in paragraph "83" of the complaint.

84. In response to the allegations set forth in paragraph "85" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

85. Deny the allegations set forth in paragraph "86" of the complaint.

86. Deny the allegations set forth in paragraph "86" of the complaint.

87. In response to the allegations set forth in paragraph "87" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

88. Deny the allegations set forth in paragraph "88" of the complaint.

89. Deny the allegations set forth in paragraph "89" of the complaint.

90. Deny the allegations set forth in paragraph "90" of the complaint.

91. Paragraph "91" of the complaint sets forth a jury demand to which no response is required.

### FIRST AFFIRMATIVE DEFENSE:

92.  The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE:

93.  Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

### THIRD AFFIRMATIVE DEFENSE:

94. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or that of a third party or co-defendant and was not the proximate result of any conduct of the municipal defendants.

## FOURTH AFFIRMATIVE DEFENSE:

95. Plaintiff may have failed to comply with the conditions precedent to suit.

## FIFTH AFFIRMATIVE DEFENSE:

96. There was probable cause for plaintiff's arrest, detention and prosecution.

## SIXTH AFFIRMATIVE DEFENSE:

97. Plaintiff's claims may be barred by the applicable statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE:

98. At all times relevant to the acts alleged in the complaint, defendant City, its agents and officials, acted reasonably, properly, lawfully and in good faith in the exercise of their discretion.   Consequently, defendant City of New York is entitled to governmental immunity.

## EIGHTH AFFIRMATIVE DEFENSE:

99. Plaintiff may have failed, in whole or in part, to comply with New York General Municipal Law § 50-e, §50-h, §50-k and §50-i.

## NINTH AFFIRMATIVE DEFENSE:

100.  Plaintiff provoked any incident.

## TENTH AFFIRMATIVE DEFENSE:

101.  Punitive damages cannot be awarded against the City of New York.

## ELEVENTH AFFIRMATIVE DEFENSE:

102.  Plaintiff has failed to mitigate her  alleged damages.

## TWELFTH AFFIRMATIVE DEFENSE:

103.  Plaintiff's claims may be barred by doctrines of Res Judicata and/or Collateral Estoppel.

## THIRTEENTH AFFIRMATIVE DEFENSE:

104.  Defendants are entitled to qualified immunity from liability.

**ANSWER TO THE CROSS CLAIMS BY ANTHONY BOLOGNA**

105.    Denies the allegations set forth in cross claim "1" by Inspector Bologna.

106.    Denies the allegations set forth in cross claim "2" by Inspector Bologna.

107.    Denies the allegations set forth in cross claim "3" by Inspector Bologna.

108.    Denies the allegations set forth in cross claim "4" by Inspector Bologna.

109.    Denies the allegations set forth in paragraph "107" of cross claim "4" by Inspector Bologna.

110.    Denies the allegations set forth in paragraph "108" of cross claim "4" by Inspector Bologna.


**WHEREFORE,** Defendants CITY OF NEW YORK, AND JOSEPH ESPOSITO request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            October 26, 2012


                              MICHAEL A. CARDOZO
                              Corporation Counsel
                              of the City of New York
                              *Attorney for CITY OF NEW YORK,*
                              *JOSEPH ESPOSITO*
                              100 Church Street, Room 3-201
                              New York, New York 10007
                              (212) 788-1273
                    By:       _____/s/_____
                              Andrew Lucas
                              Assistant Corporation Counsel
                              Special Federal Litigation Division

To:    David Rankin (VIA ECF)
        Rankin and Taylor
        350 Broadway, Suite 701
        New York, NY 10013

12 CV 5842

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAMIEN CRISP,

Plaintiff,

-against-

THE CITY OF NEW YORK, New York City Police Department
CHIEF JOSEPH J. ESPOSITO, New York City Police Department
INSPECTOR ANTHONY BOLOGNA, and OFFICER JOHN
DOE 1 through OFFICER JOHN DOE 42 (the names John Doe
being fictitious, as the true names and shield numbers are presently
unknown), in their individual and official capacities,

Defendants.

**ANSWER TO COMPLAINT AND CROSS CLAIMS ON
BEHALF OF CITY OF NEW YORK AND JOSEPH
ESPOSITO**

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, New York 10007*
*Of Counsel: Andrew Lucas*

*Tel: (212) 788-1273*
*NYCLIS No. 2012-033667*

*Due and timely service is hereby admitted.*

*New York, N.Y.  .......................................... ,2012*

*.................................................................... Esq.*

*Attorney for City of New York*